No. 19,061.

IN RE SENATE BILL NO. 72 OF THE FORTY-SECOND GENERAL ASSEMBLY OF THE STATE OF COLORADO.

(339 P. [2d] 501)

Decided May 21, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. Hickey, Deputy, Mr. John W. Patterson, Assistant, Mrs. Patricia H. Maloy, Assistant, presented the matter on behalf of the Governor.

Mr. John M. Sayre, counsel for the Colorado Municipal League, appeared as amicus curiae.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Pursuant to Article VI, Section 3, of the Constitution of Colorado, the Governor of the State has sought the opinion of this court upon certain questions relating to Senate Bill No. 72 passed by both houses of the Forty-Second General Assembly. The title of the Act is "An Act Relating to Municipal Ordinances and Penalties," and it is presently before the Governor for his approval or disapproval. We deem the questions submitted to be important ones asked on a solemn occasion, since they involve a far-reaching phase of state-municipal relationships. *In Re County Indebtedness,* 15 Colo. 421, 24 Pac. 877.

The Act in question is as follows:

"SECTION 1. 139-33-1, Colorado Revised Statutes 1953, is hereby amended to read as follows:

"139-33-1. *Power to make and publish ordinances.* (1) Municipal corporations shall have power to make and publish, from time to time, ordinances not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by state statute, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof. They shall also have power to enforce obedience to such ordinances by fine not exceeding three hundred dollars, or by imprisonment not exceeding ninety days,

and to provide for trials by jury for violations thereof where necessary.

"(2) No costs shall be assessed in a criminal case against a defendant upon conviction, for jury fees, mileage and per diem, nor for sheriffs' mileage and fees for serving open venire.

"(3) It shall be the public policy of the state that where the subject matter of a municipal ordinance may be of both local and municipal concern and also of statewide concern, the existence of state legislation upon such subject matter, or the subsequent adoption of state legislation thereon, shall not deprive any municipal corporation of the right or power to make and publish ordinances thereon not inconsistent with the laws of the state, nor be construed to mean that such subject matter is solely of statewide concern, unless it is expressly declared by statute that only the state shall have power to adopt legislation thereon; provided, however, that where a state statute and a municipal ordinance cover the same subject matter so that the same act could be prosecuted as a criminal matter both for a violation of a state statute and the violation of a municipal ordinance, a prosecution for an ordinance violation shall bar a prosecution for the same act under a state statute and a prosecution for a violation of a state statute shall bar a prosecution for the same act under a municipal ordinance.

"SECTION 2. After service of a summons and complaint upon any person, all actions criminal in nature, conducted under any municipal ordinance, shall be conducted during the course of the trial, under the rules of evidence and practices that govern proceedings in state criminal actions. Nothing in this act shall abrogate the right of any municipal corporation or county to appear and prosecute or defend any action by its city or county attorney.

"SECTION 3. The general assembly hereby finds, determines, and declares that this act is necessary for the

immediate preservation of the public peace, health, and safety."

Serious questions of constitutionality have been presented to us, and they are as follows:

"1. Would subsection 3 of 139-33-1 Colorado Revised Statutes, 1953 as amended in Section 1 of Senate Bill No. 72 by granting to municipal corporations the power to legislate on matters of statewide concern constitute a delegation of legislative power in violation of Article V Section 1 of our Constitution?

"2. Would subsection 3 of 139-33-1 Colorado Revised Statutes, 1953 as amended in Section 1 of Senate Bill No. 72 authorize adoption of special and local laws in violation of Article V Section 25 of our Constitution?

"3. Would subsection 3 of 139-33-1 Colorado Revised Statutes, 1953 as amended in Section 1 of Senate Bill No. 72 which would impose rules of construction on existing and future statutes constitute interference of judicial function by the general assembly in violation of Article III of our Constitution?

"4. Would subsection 3 of 139-33-1 Colorado Revised Statutes, 1953 as amended in Section 1 of Senate Bill No. 72 which would impose certain rules of construction on existing statutes, violate the provisions of Article II Section 11 of our Constitution?

"5. Would Section 2 of Senate Bill No. 72 provide for institution of criminal prosecutions by civil process in violation of Article II Section 8 of our Constitution?

"6. Would Section 2 of Senate Bill No. 72 concerning prosecutions criminal in nature violate Article VI Section 30 of our Constitution which provides for process and prosecutions in the name of the People of the State of Colorado?"

To assure that an informed court would answer the questions propounded, briefs have been prepared and filed by the Attorney General and by the Colorado Municipal League, appearing as Amicus Curiae by our leave.

These briefs have assisted the court immeasurably in its effort to solve the problems presented by the Governor's interrogatories, and have lessened considerably the time within which answers could be given.

Since we are convinced that Senate Bill No. 72 is an invalid delegation of legislative power in violation of Article V, Section 1 of our Constitution, our answer to Question No. 1 is "Yes."

Further, since we are convinced that Senate Bill No. 72 authorizes the adoption of special and local laws in violation of Article V, Section 25 of our Constitution, our answer to Question No. 2 is in the affirmative.

It should be noted that the Colorado Municipal League admits that Questions No. 5 and No. 6 create serious doubts concerning the constitutionality of Section 2 of the Act. We agree, but need go no further than to answer the first two questions.

MR. JUSTICE SUTTON not participating.